IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL STOLL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-1239-N-BN |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Michael Stoll seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated below, the hearing decision should be reversed and remanded.

**Background**

Plaintiff alleges that he is disabled due to depression, memory problems, fainting spells, fatigue, and difficulty holding up his head because of brain aneurysms. *See* Dkt. No. 10-7 at 3. After his application for disability benefits was denied initially, *see* Dkt. No. 10-5 at 4-8, and on reconsideration, *see id.* at 10-13, Plaintiff requested a hearing before an administrative law judge ("ALJ"), *see id.* at 14-15. That hearing was held on April 26, 2012. *See* Dkt. No. 10-3 at 33-58. At the time of the hearing, Plaintiff was 59 years old. *See id.* at 37. He has a liberal arts degree, *see id.* at 37-38, and has past work experience as a vice president for risk management and director of risk management, *see id.* at 38-39 & Dkt. No. 10-7 at 4. Plaintiff has not engaged in substantial gainful activity since December 31, 2009. *See* Dkt. No. 10-3 at 39; Dkt. No. 10-7 at 3.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits. *See* Dkt. No. 10-3 at 28. Although the medical evidence established that Plaintiff suffered from adjustment disorder, with chronic depressed mood and cognitive disorder, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id.* at 19-21. The ALJ further determined that Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels with some nonexertional limitations. *See id.* at 21.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed. *See id.* at 8-10.

Plaintiff then filed this action in federal district court. *See* Dkt. No. 1. Plaintiff challenges the hearing decision on seven grounds: (1) the ALJ's determination at Step 2 of the sequential evaluation process that his brain aneurysms were not a severe physical impairment was not supported by substantial evidence; (2) the findings that Plaintiff had moderate limitations in his ability to function mentally is inconsistent with a Global Assessment of Functioning ("GAF") score of 49; (3) the ALJ failed to give proper consideration to the medical source opinions of record in assessing Plaintiff's residual functional capacity ("RFC") and instead relied on the ALJ's own assessment to determine that Plaintiff had no exertional limitations; (4) the ALJ failed to properly assess Plaintiff's credibility with regard to his complaints; (5) the ALJ erred in concluding that Plaintiff could perform other jobs that exist in significant numbers in the economy; (6) the ALJ incorrectly failed to consider Plaintiff's status as an

individual "closely approaching retirement"; and (7) the decision was written in a cursory and sloppy manner.

For the reasons explained below, the hearing decision should be reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with these findings and conclusions.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

4

*See* 20 C.F.R. § 404.1520(b)-(f); *Copeland*, 771 F.3d at 923 ("The Commissioner typically uses a sequential five-step process to determine whether a claimant is disabled within the meaning of the Social Security Act. The analysis is: First, the claimant must not be presently working. Second, a claimant must establish that he has an impairment or combination of impairments which significantly limit [her] physical or mental ability to do basic work activities. Third, to secure a finding of disability without consideration of age, education, and work experience, a claimant must establish that his impairment meets or equals an impairment in the appendix to the regulations. Fourth, a claimant must establish that his impairment prevents him from doing past relevant work. Finally, the burden shifts to the Secretary to establish that the claimant can perform the relevant work. If the Secretary meets this burden, the claimant must then prove that he cannot in fact perform the work suggested." (internal quotation marks omitted)); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.").

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the

5

claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows where the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

6


claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows where the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Among the arguments that Plaintiff makes is a single ground that the undersigned concludes compels remand – the ALJ improperly rejected the opinion of Dr. Peter Louis, the consultative examiner and the medical reports of Dr. Christopher B. Michael regarding Plaintiff's physical limitations. Plaintiff contends that the ALJ's determination that Plaintiff can perform work at all exertional levels is unsupported by substantial evidence and is the result of medical speculation by the Commissioner. *See* Dkt. No. 13 at 21-23. Plaintiff particularly faults the ALJ for failing to give adequate consideration to the consultative examiner's opinion that Plaintiff can perform only a restricted range of light exertional work with a sit-and-stand option and entirely rejecting the opinion of Dr. Michael, who treated Plaintiff and reported extensively on his brain aneurysms and their after-effects.

The Court must determine whether substantial evidence supports the ALJ's findings. Concluding that the ALJ's findings were not supported by substantial evidence would be "appropriate only if no credible evidentiary choices or medical findings supported the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (internal quotation marks omitted).

"The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991). The opinion of a treating source is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." *Spellman v. Shalala,*

7

1 F.3d 357, 364 (5th Cir. 1993); 20 C.F.R. § 404.1527(d)(2). A treating source is a claimant's "physician, psychologist, or other acceptable medical source" who provides or has provided a claimant with medical treatment or evaluation and who has or has had an ongoing treatment relationship with the claimant. 20 C.F.R. § 404.1502. A treating source opinion cannot be rejected absent good cause for reasons clearly articulated in the hearing decision. *See Myers v. Apfel,* 238 F.3d 617, 621 (5th Cir. 2001). Although more weight is generally given to the opinion of an examining physician, even though she did not treat the claimant, than to a non-examining physician's opinion, see 20 C.F.R. § 404.1527(d)(1), consulting examiners are not entitled to the special deference afforded to treating physicians, *see Robinson v. Astrue,* 271 F. App'x 394, 396 (5th Cir. 2008). Moreover, subject to specific requirements for the analysis and explanation required for rejecting or discounting certain physicians' opinions in some circumstances, an ALJ is free to reject all or portions of any physician's opinion when the overall evidence supports a contrary conclusion. *See Cromwell v. Astrue,* No. 4:10-cv-61-Y, 2011 WL 666282, at *7 (N.D. Tex. Jan. 21, 2011) (citing *Martinez v. Chater,* 64 F.3d 172, 176 (5th Cir. 1995)), *rec. adopted* 2011 WL 666279 (N.D. Tex. Feb. 14, 2011).

A one-time examining consultant is not entitled to the weight of a treating doctor. *See Robinson*, 271 F. App'x at 396. With non-treating doctors' opinions, ALJs are free to "[incorporate] the limitations [found] consistent with the weight of the evidence as a whole." *Id.* But more weight is generally given to the opinion of an examining physician like consultative examiner Dr. Louis – even though he did not treat Plaintiff – than to a non-examining physician's opinion. *See Nicaragua v. Colvin*,

8

No. 3:12-cv-2109-G-BN, 2013 WL 4647698, at *6 (N.D. Tex. Aug. 29, 2013) (citing 20 C.F.R. § 404.1527(c)(1)); *see also Villa v. Sullivan,* 895 F.2d 1019, 1024 (5th Cir. 1990) (ALJ may rely on a non-examining physician's assessment only where it does not contradict the examining physician). Even in the case of a non-treating physician such as a state agency medical consultant, the ALJ may not ignore medical opinions and must explain in his decision the weight that the ALJ gives to those opinions. *See Lockridge v. Colvin,* No. 3:12-cv-4135-BN, 2014 WL 1255745, at *8 (N.D. Tex. Mar. 27, 2014) (citing SSR 96-6p, 1996 WL 374180, at *2 (S.S.A. July 2, 1996)); *see also Helbing v. Astrue,* No. 4:11-cv-704-Y, 2012 WL 6719469, at *12 (N.D. Tex. Oct. 29, 2012), *rec. adopted,* 2012 WL 6709666 (N.D. Tex. Dec. 27, 2012).

The determination of residual functional capacity is the sole responsibility of the ALJ, *see Taylor v. Astrue,* 706 F.3d 600, 602-03 (5th Cir. 2012), and the ALJ considers all relevant medical and other evidence in making the RFC determination, *see* 20 C.F.R. § 404.1545(a)(3); SSR 96-5, 1996 WL 374183, at *5. Such a finding does not constitute an improper medical opinion by the ALJ but instead an assessment of Plaintiff's capacity to work based on all of the evidence in the case record. The ALJ therefore is permitted to draw reasonable inferences from the evidence in making her decision, but the social security rulings also caution that presumptions, speculation, and supposition do not constitute evidence. *See, e.g.*, SSR 86-8, 1986 WL 68636, at *8 (S.S.A. 1986), *superseded in part by* SSR 91-7c, 1991 WL 231791, at *1 (S.S.A. Aug. 1, 1991) (only to the extent the SSR discusses the former procedures used to determine disability in children). The ALJ is not required to incorporate limitations in the RFC

that she did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

Here, the ALJ summarized the medical evidence, *see* Dkt. No. 10-3 at 20, 24-26, and concluded that the record indicates that Plaintiff is able to perform work at all exertional levels, *see id.* at 24-26. The ALJ explained that:

- The opinions provided by Dr. Peter Louis (misidentified by the ALJ as Dr. Louis Porter) were given limited weight because there is insufficient evidence to support the limitations reported and the examiner "apparently relied quite heavily on the subjective report and symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported";

- Medical expert Dr. Sterling Moore, M.D., retained by the Commissioner to review the record, testified that there was insufficient evidence to formulate an opinion regarding Plaintiff's physical impairments;

- Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms were given little weight because Plaintiff is not undergoing medical treatment for the alleged symptoms, does not take any prescribed pain medication, and has no medically determinable physical impairments;

- Unidentified evidence of record indicates that Plaintiff is able to perform work at all exertional levels; and

- With no medically determinable physical impairments and no exertional limits, Plaintiff can perform medium unskilled work that exists in significant numbers in the national economy.

*See id.* at 25-28.

The problem with the ALJ's RFC determination is that the ALJ rejected any medical opinion addressing or touching on Plaintiff's physical ability to perform work without any indication of contrary medical evidence that shows that Plaintiff actually has the capacity to perform work at any or all exertional levels. While the ALJ may

10

choose to reject medical sources' opinions, she cannot independently decide the effects of Plaintiff's impairments on his ability to perform work-related activities, as that is prohibited by *Ripley*, 67 F.3d at 557-58. Where the record contains uncontradicted evidence of physical limitations – such as, here, the after-effects of Plaintiff's brain aneurysms – the ALJ may not permissibly unilaterally opine on the effects of those limitations on a Plaintiff's ability to work. *See id.* Rather, at that point, it became incumbent on the ALJ to obtain an expert medical opinion about the types of work tasks that Plaintiff could still perform given his impairments. *See id.* at 557.

The undersigned therefore "cannot agree that the evidence substantially supports the conclusion that [Plaintiff] was not disabled because [the Court is] unable to determine the effects of [Plaintiff's] conditions ... on [Plaintiff's] ability to perform ... work." *Id.* at 557 n.27; *cf. Williams v. Astrue*, 355 F. App'x 828, 831-32 (5th Cir. 2009) (reversing and remanding where the ALJ rejected the opinions of the claimant's treating physicians and relied on his own medical opinions as to the limitations presented by the claimant's back problems in determining RFC).

Here, the ALJ recounted Plaintiff's testimony that he can no longer work because of pain and discomfort in his neck, back, and hips, reoccurring headaches, and blurred vision, that he can only walk for about five to ten minutes before needing to stop and rest, and that he can stand for approximately five to ten minutes and can sit for about 20 minutes, can lift no more than 30 pounds, and must prop his head on his hand for support due to neck pain. *See* Dkt. No. 10-3 at 23. Similar complaints of pain were contained in a November 30, 2009 medical report cited by the ALJ. *See id.* at 24. The ALJ then recounted Dr. Louis's May 12, 2012 consultive examination in which

Plaintiff exhibited a normal gait and station, heel to toe walking was adequate, and Plaintiff had normal reflexes and full strength in upper and lower extremities and bilateral grip strength. *See id.*

> Dr. [Louis] also completed a medical source statement that shows the claimant is able to occasionally lift and carry up to 20 pounds at a time. The doctor noted the claimant could sit for 6 hours in an 8-hour workday. The statement also shows the claimant can occasionally reach overhead and push/pull; and he can occasionally reach, handle, finger, and feel. Dr. [Louis] also determined that the claimant could occasionally climb stairs and ramps, but could not climb ladders, ropes, and scaffolds. In addition, the assessment shows the claimant could frequently balance, stoop, kneel, crouch, and crawl.

*Id.* at 25.

Despite this evidence in the record, the ALJ found no exertional limitations. He gave limited weight to Dr. Louis's medical source statement because it was based on Plaintiff's subjective complaints. *See id.* The ALJ disbelieved Plaintiff's allegations of pain and discomfort because Plaintiff was not receiving any ongoing medical treatment and was not taking any prescribed pain medications. *See id.* at 25-26. And the ALJ noted that the state agency medical expert, Dr. Moore, found that there was insufficient evidence to formulate an opinion regarding the alleged physical impairments. *See id.* at 25. The ALJ's decision is essentially that, because he did not believe Plaintiff's complaints, discounted Dr. Louis's report regarding physical limitations because it was based upon those complaints, and because Dr. Moore had insufficient evidence to opine on Plaintiff's physical limitations, Plaintiff therefore was able to perform work at all exertional levels. That is, the ALJ concluded that, having decided not to give credence to Plaintiff and his doctors, there was not enough evidence to show that – or whether – Plaintiff had any physical limitations and so it must be the

12

case, for purposes of the disability determination, that Plaintiff has no physical limitations on his ability to work. *See* Dkt. 10-3 at 25 ("I have also considered the testimony of the medical expert, Dr. Moore, who testified that there was insufficient evidence to evaluate the claimant's alleged physical impairments. Accordingly, I find that the claimant has no medically determinable physical impairments. Hence, he has no physical limitations.").

After considering the record, the undersigned concludes that the ALJ's determination that Plaintiff was capable of performing work without exertional limitations was not supported by substantial evidence. The record includes a vast amount of medical evidence establishing that Plaintiff had multiple brain aneurysms resulting in pain and physical restrictions. That the ALJ disbelieved the record evidence about the possible effect of those possible physical impairments on Plaintiff's ability to work does not compel her conclusion that Plaintiff must have the ability to work with no exertional limitations.

Reversal is only warranted, however, if the claimant shows that she was prejudiced by the ALJ's error. Prejudice is established when the claimant demonstrates that she would have adduced evidence that might have changed the result. *See Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000). Prejudice is demonstrated where the ALJ could have obtained evidence that might have changed the result – specifically, an expert medical opinion about the types of work tasks that Plaintiff could still perform given his impairments. As such, reversal and remand for further proceedings is required.

Because a remand is required based on the ALJ's error in determining Plaintiff's RFC, where the ALJ previously made her decision at Step 5, the Court need not reach, and the undersigned expresses no opinion, on Plaintiff's remaining arguments.

**Recommendation**

The hearing decision should be reversed and remanded to the Commissioner for further proceedings consistent with these findings and conclusions.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED.

DATED: December 23, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE